UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMY B. FACKLAM, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BAC HOME LOANS SERVICING, LP, et al., )<br>)<br>Defendants. )<br>) | Case No.2:11-cv-01267-GMN-CWH<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of Plaintiff Amy B. Facklam, who is represented by counsel.  Pending before the Court is the Motion to Dismiss (ECF No. 26) filed by the Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("BAC") and ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants"). (Defs.' Mot. to Dismiss, ECF No. 26.)  Plaintiff filed a Response (ECF No. 29) and Defendants filed a Reply (ECF No. 30).

**I.     BACKGROUND**

This case arises from an alleged wrongful foreclosure.  Plaintiff's Complaint alleges the following facts:

In October 2002, Plaintiff purchased the property located at 1513 Shotgun Lane; Henderson, Nevada 89014, APN #: 178-04-514-044. (Compl. ¶¶ 13-14, ECF No. 1.)  To finance this purchase, Plaintiff procured a loan ("Note") from Aames Funding Corporation and executed a Deed of Trust. (*Id.* at ¶ 13.)  On October 21, 2004, the Deed of Trust was assigned to ABN AMRO. (*Id.* at ¶¶ 17-18.)  Around August 2009, Plaintiff missed a mortgage payment. (*Id.* at ¶ 19.)  ReconTrust filed a Notice of Default and Election to Sell ("Notice of Default") on September 24, 2009. (*Id.* at ¶ 20.)  After receiving the Notice of Default, Plaintiff made two

payments curing the default. (*Id.* at ¶¶ 22-23.) Thereafter, Plaintiff contacted BAC to arrange for a loan modification. (*Id.* at ¶ 25.) Plaintiff entered into a trial modification with payments in the amount of $620.00 to BAC. (*Id.* at ¶¶ 26-27.) Plaintiff made the last payment in July 2011. (*Id.* at ¶ 28.) On July 18, 2011, ReconTrust executed a Notice of Trustee's Sale and set the sale for August 8, 2011. (*Id.* at ¶¶ 30-31.)

On August 5, 2011, Plaintiff filed suit alleging four causes of action: (1) Statutory Wrongful Foreclosure, (2) Common Law Wrongful Foreclosure, (3) Unjust Enrichment, and (4) Breach of Implied Covenant of Good Faith and Fair Dealing. (Compl., ECF No. 1.) On January 17, 2012, Plaintiff voluntarily dismissed Defendant ABN AMRO with prejudice. Defendants BAC and ReconTrust have moved to dismiss the complaint with prejudice.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*,

550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

### A. Plaintiff's First and Second Causes of Action: Statutorily Defective Foreclosure under NRS § 107.080 and Common Law Wrongful Foreclosure

Under Nevada law, to succeed on a claim of common law wrongful foreclosure, a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property. *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). This requirement is implicitly present in causes of action arising under Nevada Revised Statute 107.080 because the sole remedy for violation of that section is voiding a completed foreclosure sale. Nev. Rev. Stat. § 107.080(5). Thus, to adequately plead these two distinct causes of action, Plaintiff must have alleged that the lender sold her property.

Plaintiff's Complaint alleges that she "is on the verge of losing her home in a foreclosure sale," which was scheduled for August 8, 2011. (Compl. ¶¶ 31, 46, ECF No. 1.) However, Plaintiff's opposition admits the property has not been sold. (Pl.'s Resp. 5-6, ECF No. 29.) As Plaintiff has not alleged that there was a sale, which is a necessary element of the claims, Plaintiff's claims for statutorily defective foreclosure and common law wrongful foreclosure are insufficiently pled. However, the Court grants Plaintiff leave to amend her complaint as to her first and second causes of action.

### B.      Plaintiff's Third Cause of Action:  Unjust Enrichment

Plaintiff claims that any monies retained by BAC under the Trial Modification unjustly enriched Defendants.  An action based on unjust enrichment applies only to "situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Explicitly, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.*

For this reason, "courts of this District have routinely held that a homeowner cannot bring a claim for unjust enrichment where a deed of trust and mortgage note already governs the relationship of the parties." *Peshek v. Litton Loan Servicing*, 2:10-cv-00812-GMN-RJJ, 2011 WL 4479700, at * 11 (D. Nev. Sept. 26, 2011).  Consequently, payments made pursuant to a trial modification agreement cannot be the subject of a claim for unjust enrichment because they were already due under the original loan agreement. *See, e.g., Davila v. BAC Home Loans Servicing, LP*, 2:10-cv-02252-ECR-GWF, 2011 WL 3159146, at *3 (D. Nev. July 26, 2011) ("All monies paid over to BAC, whether pursuant to the written contract or the purported loan modification, were already due under the original loan agreement").

As alleged, the Trial Modification constituted an express contract between the Plaintiff and Defendant BAC. (Compl. ¶ 26, ECF No. 1.)  Because the payments were made pursuant to the terms of the Trial Modification, the Plaintiff's claim for unjust enrichment necessarily fails. Even if this Court did not find the Trial Modification to be an enforceable contract, the payments were already due under the original loan agreement, which constituted a binding contract when the Plaintiff executed the Note and corresponding deed of trust. (Compl. ¶¶ 13-18.)  Defendants are not liable for unjust enrichment by retaining those payments. Thus, the\

Plaintiff's claim for unjust enrichment fails and is dismissed with prejudice.

### C. Plaintiff's Fourth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

Plaintiff claims that Defendant BAC breached the implied covenant of good faith and fair dealing by (1) not processing the loan modification in an expedient fashion; (2) promising a loan modification to induce payments under the Trial Period Plan; and (3) retaining payments but ultimately refusing to provide a loan modification. (Compl. ¶¶ 74-77, ECF No. 1.) However, taking Plaintiff's allegations as true, Plaintiff's claim fails because (1) there was no enforceable contract between the parties requiring Defendant BAC to modify the loan,[1] (2) there was no duty to modify under the Trial Period Plan, and (3) Plaintiff has failed to plead any plausible facts that Defendant BAC breached the intention and spirit of the Trial Period Plan. Plaintiff has not pled facts showing that Defendants were under any contractual obligation to consider or grant a loan modification. Moreover, Plaintiff has failed to allege any facts showing denial of her justified expectations.

---

[1] Plaintiff has conceded that ReconTrust was not a party to the contract and thus, as to ReconTrust, this claim is dismissed with prejudice. (ECF No. 29 at 12-13.)

Although Plaintiff's allegations fail to state a claim for breach of the implied covenant of good faith and fair dealing, the Court grants Plaintiff leave to amend to cure these deficiencies.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's third claim for unjust enrichment is **DISMISSED with prejudice**. As to Defendant ReconTrust, claim four is **DISMISSED with prejudice**.

Plaintiff is granted leave to amend her Statutorily Defective Foreclosure, Common Law Wrongful Foreclosure, and Covenant of Good Faith and Fair Dealing causes of action. **Plaintiff shall have until March 20, 2013, to file an amended complaint.  Failure to do so will result in dismissal of the case, with prejudice.**

**DATED** this 6th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge